UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:22-CV-_____

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as owner trustee for Deephaven Residential Mortgage Trust 2020-1, <br><br> Plaintiff, <br><br> v. <br><br> KEITH DIPRIMA; JENNIFER DIPRIMA; and UNITED STATES OF AMERICA INTERNAL REVENUE SERVICE, <br><br> Defendants. | **COMPLAINT** |

NOW COMES THE PLAINTIFF, Wilmington Savings Fund Society, FSB, not in its individual capacity but solely as owner trustee for Deephaven Residential Mortgage Trust 2020-1, ("Plaintiff") by and through undersigned counsel, and hereby brings this Complaint against Defendants Keith DiPrima ("Mr. DiPrima"), Jennifer DiPrima ("Ms. DiPrima") (together with Mr. DiPrima, the "DiPrimas"), and the United States of America Internal Revenue Service ("IRS") (together with the DiPrimas, "Defendants"). Plaintiff states as follows:

## PARTIES

1. Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in Delaware.

2. Mr. DiPrima is an individual who resides in Union County, North Carolina.

3. Ms. DiPrima is an individual who resides in Union County, North Carolina.

48215933 v2
Case 3:22-cv-00452-MOC-DSC   Document 1   Filed 08/31/22   Page 1 of 5

4. The IRS is a federal agency existing under the laws of the United States of America. The IRS's principal place of business is Washington, DC.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1340 because this action arises under the internal revenue laws. Furthermore, because this suit involves a lien interest claimed by the United States through the IRS, the IRS is properly named as a party in this Court pursuant to 28 U.S.C. § 2410. Finally, this Court has original jurisdiction of this case under 28 U.S.C. § 1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the real property made subject in this matter is situated in Union County, North Carolina within the Western District of North Carolina.

## FACTUAL BACKGROUND

7. This is an action concerning the security interest in the real property located at 435 Turtleback Ridge, Weddington, North Carolina 28104 (the "Subject Property").

8. The DiPrimas acquired title to the Subject Property on or about August 2, 2018 via special warranty deed (the "2018 Deed"). The 2018 Deed was recorded in the Union County Register of Deeds Office at Book Number 07231, Page 0658.

9. On or about August 6, 2019, the DiPrimas executed a deed of trust to secure a loan in the original principal amount of $966,920.00. The deed of trust was recorded in the Union County Register of Deeds Office at Book Number 7438, Page 0068.

10. On or about November 20, 2020, the deed to trust was assigned to Plaintiff. The assignment was recorded was recorded in the Union County Register of Deeds Office at Book Number 7894, Page 0839.

11. After the DiPrimas' defaulted under the terms of their loan, Plaintiff initiated its preparations to foreclose on the Subject Property.

12. In its review of the title of the Subject Property, Plaintiff discovered, for the first time, the following two unpaid IRS tax liens against Mr. DiPrima and the DiPrimas, respectively:

   a. IRS Tax Lien FTL Serial Number 192670415 (hereinafter the "2016 IRS Lien"), recorded on or about January 11, 2016 in the Union County Clerk of Court's Office in Union County, North Carolina, File No. 16 M 33. The 2016 IRS Lien identified unpaid balances for Mr. DiPrima's taxes for years 2011 and 2012 in the amount of $61,552.44.

   b. IRS Tax Lien FTL Serial Number 319860018 (hereinafter the "2018 IRS Lien"), recorded on or about August 27, 2018 in the Union County Clerk of Court's Office in Union County, North Carolina, File No. 18 M 596. The 2018 IRS Lien identified unpaid balances for the DiPrimas' taxes for year 2016 in the amount of $82,045.77.

True and correct copies of the 2016 IRS Lien and 2018 IRS Lien are attached hereto as Exhibits A and B, respectively.

13. Upon information and belief, the 2016 IRS Lien and the 2018 IRS Lien were satisfied in totality and the liens should therefore be released.

14. Accordingly, Plaintiff has filed this action to establish its first priority security interest in the Subject Property.

## COUNT I
### (Declaratory Judgment)

15. Plaintiff hereby incorporates the allegations set forth above as if fully set forth herein.

16. A judicial declaration of the parties' relative rights, duties, status, title and interests in and to the Subject Property is necessary to settle and afford the parties relief from the uncertainty occasioned by this dispute.

17. Specifically, Plaintiff is informed and believes that the 2016 IRS Lien and 2018 IRS Lien have been satisfied in whole, and that said liens must be released, thereby rendering the interest of Plaintiff in the Subject Property senior to any interest(s) held by the IRS in the Subject Property, if any.

18. Plaintiff requests that this Court enter a judgment decreeing that the 2016 IRS Lien and 2018 IRS Lien are released by satisfaction or, in the alternative, that said liens are junior to Plaintiff's.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

a. Holding that Plaintiff holds a valid, enforceable, first priority security interest in and to the Subject Property;

b. Holding that the 2016 IRS Lien and 2018 IRS Lien are extinguished by satisfaction or, alternatively, that the 2016 IRS Lien and 2018 IRS Lien are junior to Plaintiff's rights; and

c. Granting such other and further relief as this Court deems just and proper.

Respectfully submitted on this 31st day of August, 2022.

/s/ G. Wade Leach, III
G. Wade Leach, III NC Bar #54895
BURR & FORMAN LLP
101 South Tryon Street, Suite 2610
Charlotte, NC 28280
T: (704) 347-6421
F: (704) 347-4467
Email: wleach@burr.com
ATTORNEY FOR PLAINTIFF WILMINGTON
SAVINGS FUND SOCIETY, FSB